UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20253
_____


BUTLER & BINION, L.L.P.,

                                        Plaintiff-Appellee,

                          versus

SUZAN E. TAYLOR, ET AL.,

                                        Defendants,

SUZAN E. TAYLOR,

                                        Defendant-Appellant.


_____

        Appeal from the United States District Court
            for the Southern District of Texas
                      (H-94-CV-508)
_____
                      July 31, 1998


Before GARWOOD, JONES, and WIENER, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

        This appeal requires us to review two issues: (1) the

district court's grant of judgment as a matter of law to Butler &

Binion, L.L.P. on Suzan Taylor's appellate legal malpractice claim;

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and (2) the district court's award of appellate attorneys' fees to Butler & Binion. We affirm on the first issue and reverse on the second.

## I. Background

Butler & Binion, L.L.P. represented Suzan Taylor in a suit against MBank in Texas state court. It obtained a favorable judgment for her, but MBank subsequently declared insolvency and was taken over by the Federal Deposit Insurance Corporation (FDIC). The FDIC removed the case to federal court, where it appealed the judgment to the Fifth Circuit. The Fifth Circuit affirmed Taylor's actual damages award, but reversed her punitive damages award on the ground of the FDIC's sovereign immunity. *See Bank One, Texas, N.A. v. Taylor*, 970 F.2d 16, 32-34 (5th Cir. 1992).

Subsequently, while still represented by Butler & Binion, Taylor sued the FDIC to collect on her judgment. During the pendency of this litigation, Taylor hired new counsel. Butler & Binion intervened in the lawsuit to collect its contingency fee out of any judgment Taylor and her new counsel obtained against the FDIC. Taylor counterclaimed against Butler & Binion, alleging appellate legal malpractice in the underlying Fifth Circuit appeal. Specifically, Taylor's counterclaim alleged that Butler & Binion caused the loss of her punitive damages award by failing to assert (1) that the "sue and be sued" clause in 12 U.S.C. § 1819(a) waives

2

sovereign immunity; and (2) that 12 U.S.C. § 1821(d)(13)(B) precludes the FDIC from asserting defenses on appeal that MBank could not itself have raised. The district court granted summary judgment to Butler & Binion on Taylor's counterclaim concluding, as a matter of law, that Butler & Binion's failure, if any, to assert these two statutes was not the cause of the Fifth Circuit's reversal of Taylor's punitive damages award.

## II. Analysis

### A. Appellate Malpractice

This court reviews a grant of judgment as a matter of law de novo, applying the same standards as the district court. *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 (5th Cir. 1996). Under Texas law, in a case alleging appellate legal malpractice, a plaintiff/client "must show that but for the attorney's negligence the client would have prevailed on appeal." *Millhouse v. Wiesenthal*, 775 S.W.2d 626, 627 (Tex. 1989). The determination of causation in an appellate malpractice case is a question of law. *See id.* at 627-28.

As did the district court, we conclude that there is no basis for any finding that the result of Taylor's appeal would have been different but for Butler & Binion's alleged failure to make the arguments Taylor asserts should have been made. Therefore, the district court's grant of judgment as a matter of law to Butler & Binion on Taylor's appellate malpractice counterclaim is affirmed.

### B. Appellate Attorneys' Fees

The district court awarded Butler & Binion attorneys' fees on any appeal that followed from the court's final judgment.[1] Under Texas law, attorneys' fees are generally not available unless

---

[1] Specifically, the district court awarded (lump sum) $125,000 in the event of an appeal to the Fifth Circuit.

provided for by statute or contract. *See New Amsterdam Cas. Co. v. Texas Indus., Inc.*, 414 S.W.2d 914, 915 (Tex. 1967); *City of Garland v. Booth*, 895 S.W.2d 766, 771 (Tex. App.—Dallas 1995, writ denied). The Texas Civil Practice & Remedies Code provides for the recovery of attorneys' fees for claims involving "rendered services" and "performed labor," which this court has held includes legal fees owed to a law firm. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (Vernon 1997); *McLeod, Alexander, Powell & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1487-88 (5th Cir. 1990). Even more on point, § 38.001 provides for the recovery of attorneys' fees if the underlying claim is on "an oral or written contract."

In the case at hand, Butler & Binion sued to collect on its contingency fee contract (or, in the alternative, under a theory of quantum meruit), and Taylor counterclaimed alleging appellate malpractice. Under applicable Texas law, Butler & Binion could recover its appellate attorneys' fees from Taylor if Taylor had appealed on the contractual claim. She did not. Instead, Butler & Binion contends that it should also be able to collect its appellate attorneys' fees for defending against Taylor's appeal on her appellate malpractice counterclaim. Neither party cites a

5

Texas case wherein appellate attorneys' fees were granted or denied involving a similar factual situation.[2]

Because Taylor did not appeal the district court's judgment in favor of Butler & Binion on the contingency fee contract,[3] even were this court to have reversed the district court on Taylor's malpractice claim, the issue of attorneys' fees under the contingency fee contract would not be before us. This appeal does not present any challenge to Butler & Binion's favorable judgment on its contract claim. Therefore, we need not reach the issue whether Butler & Binion could recover attorneys' fees for defending against Taylor's appeal on the ground that the facts involved in doing are essentially the same and those involved in prosecuting its contractual claim.[4] We need not reach this issue

---

[2] This court's research found one case on point, although the parties were correct not to cite it as the opinion is unpublished and, therefore, not binding precedent under Texas Rule of Appellate Procedure 47.7. *See Genmoora Corp. v. Gardere & Wynne*, No. 05-93-00923-CV, 1997 WL 499695 (Tex. App.—Dallas Aug. 25, 1997, no writ).

[3] Butler & Binion itself initially cross-appealed on a theory that it should have been allowed to collect its attorneys' fees as valued under a theory of quantum meruit rather than as valued under the contingency fee contract, but it voluntarily dismissed this appeal before oral argument.

[4] Texas cases hold that a "party may properly recover for legal services in prosecuting its claim although the same services also relate to defending a counterclaim." *Schepps Grocery Co. v. Burroughs Corp.*, 635 S.W.2d 606, 611 (Tex. App.—Houston [14th Dist.] 1982, no writ). They also hold, however, that "fees incurred in the defense of a counterclaim are not recoverable by statute unless the facts necessary for the plaintiff to recover on its claim also serve to defeat the counterclaim." *Coleman v. Rotana, Inc.*, 778 S.W.2d 867, 873 (Tex. App.—Dallas 1989, writ denied); *see also Crow v. Central Soya Co.*, 651 S.W.2d 392, 396 (Tex. App.—Fort Worth 1983, writ ref'd n.r.e.). "A party may recover attorney fees rendered in connection with all claims if they arise out of the same transaction and are 'so interrelated that their prosecution or defense entails

6

because, as just noted, Butler & Binion's contractual claim is not before us. This appeal is in the same procedural posture as if it were an appeal from an underlying suit involving only a claim for appellate malpractice by Taylor against Butler & Binion. In such a case, Butler & Binion would have no grounds under Texas law to recover its attorneys' fees from Taylor in defending against her appellate malpractice claim. So, too, Butler & Binion has no grounds under Texas law to recover its attorneys' fees from Taylor in this appeal. Therefore, we must reverse the district court's grant of appellate attorneys' fees to Butler & Binion.

### III. Conclusion

For the foregoing reasons, the district court is **AFFIRMED** in part and **REVERSED** in part.

---

proof or denial of essentially the same facts.'" *Coleman*, 778 S.W.2d at 874 (quoting *Flint & Assocs. v. Intercontinental Pipe & Steel Co.*, 739 S.W.2d 622, 624-25 (Tex. App.—Dallas 1987, writ denied)); *see also Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 11 (Tex. 1992) ("Therefore, when the causes of action involved in the suit are dependent upon the same set of facts or circumstances and thus are 'intertwined to the point of being inseparable,' the party suing for attorney's fees may recover the entire amount covering all claims."); *Aetna Cas. & Sur. v. Wild*, 944 S.W.2d 37, 41 (Tex. App.—Amarillo 1997, writ denied) ("Even if the claims arise out of the same events or transaction, if the prosecution or defense does not entail essentially the same facts, the exception does not apply.").